# EXHIBIT 1

| | | |
|---|---|---|
| Date:  8/24/2021 | **Wyandotte County District Court** | User: LTWEEDLY |
| Time:  01:49 PM | ROA Report | |
| Page 1 of 4 | Case: 2021-CV-000107 | |

Current Judge: Constance M Alvey

Richard Tanner  vs.  Keystone Automotive Operations Midwest Inc, et al

Other Tort

| Date | | Judge |
|---|---|---|
| 2/18/2021 | Plaintiff: Tanner, Richard Attorney of Record  Daniel L Doyle | Constance M Alvey |
| | Petition Pursuant to K.S.A. Chapter 60     PLE: Petition | Constance M Alvey |
| 2/19/2021 | Attorney of Record  Robert A Bruce | Constance M Alvey |
| | Entry of Appearance - Robert Bruce as Co-Counsel for Plaintiff     INF: Entry of Appearance | Constance M Alvey |
| | Summons    ORD: Summons - Filer Drafted | Constance M Alvey |
| 3/1/2021 | Affidavit of Service on Defendant    RET:  Return of Service | Constance M Alvey |
| 7/12/2021 | Hearing Scheduled  (Hearing - Special Set  08/11/2021 11:45 AM) DEFAULT | Constance M Alvey |
| | Plaintiff's Motion for Default Judgment    MOT: Motion (Generic) | Constance M Alvey |
| 7/20/2021 | Affidavit of Service of Rule 118(d) Notice on Defendant    NOT: Notice - No Sheriff Service Required | Constance M Alvey |
| 8/2/2021 | Motion for Leave to File 1st Am. Petition and to Cancel 8/11/21 Default Hearing    MOT: Motion (Generic) | Constance M Alvey |
| | Exhibit 1 to Pl's Motion for Leave to Amend    INF: Exhibit | Constance M Alvey |
| 8/3/2021 | Order Cancelling 8/11/21 Hearing and Granting Plaintiff Leave to Amend ORD: Order (Generic) | Constance M Alvey |
| | First Amended Petition    PLE: Amended Petition | Constance M Alvey |
| | Summons:  Issued to Keystone Automotive Operations Midwest Inc on 8/3/2021; Assigned to Attorney. Service Fee of $0.00. OFFICE MANAGER 90 SHAWNEE DR KCK | Constance M Alvey |
| | Summons:  Issued to Keystone Automotive Operations Inc on 8/3/2021; Assigned to Attorney. Service Fee of $0.00. OFFICE MANAGER 90 SHAWNEE DR KCK | Constance M Alvey |
| | Summons:  Issued to Keystone Automotive Industries Inc on 8/3/2021; Assigned to Attorney. Service Fee of $0.00. OFFICE MANAGER 90 SHAWNEE DR KCK | Constance M Alvey |
| | Summons:  Issued to LKQ Corporation on 8/3/2021; Assigned to Attorney. Service Fee of $0.00. OFFICE MANAGER 90 SHAWNEE DR KCK | Constance M Alvey |
| | Summons for Keystone Automotive Industries, Inc.    ORD: Summons - Filer Drafted | Constance M Alvey |
| | Summons for Keystone Automotive Operations, Inc.    ORD: Summons - Filer Drafted | Constance M Alvey |
| | Summons for LKQ Corporation    ORD: Summons - Filer Drafted | Constance M Alvey |
| | Summons for Keystone Automotive Operations Midwest, Inc.    ORD: Summons - Filer Drafted | Constance M Alvey |

| | | |
|---|---|---|
| Date:  8/24/2021 | **Wyandotte County District Court** | User: LTWEEDLY |
| Time:  01:49 PM | ROA Report | |
| Page 2 of 4 | Case: 2021-CV-000107 | |
| | Current Judge: Constance M Alvey | |

Richard Tanner  vs.  Keystone Automotive Operations Midwest Inc, et al

Other Tort

| Date | | Judge |
|---|---|---|
| 8/3/2021 | Summons:  Issued to LKQ Corporation on 8/3/2021; Assigned to Attorney. Service Fee of $0.00. OFFICE MANAGER<br>90 SHAWNEE AVE<br>KCK | Constance M Alvey |
| 8/11/2021 | Judges entry: HEARING CANCELLED AT THE REQUEST OF COUNSEL. CMA<br>Document title: JUDGES ENTRY<br>Document ID: 4382377 | Constance M Alvey |
| | Hearing result for Hearing - Special Set held on 08/11/2021 11:45 AM: Hearing Cancelled HEARING CANCELLED AT THE REQUEST OF COUNSEL. CMA<br>Document title: JUDGES ENTRY<br>Document ID: 4382381 | Constance M Alvey |
| 8/23/2021 | Summons:  Served to Keystone Automotive Operations Midwest Inc on 8/9/2021; Assigned to Attorney. Service Fee of $0.00. SERVED VIA CERTIFIED MAIL RECEIPT | Constance M Alvey |
| | Summons:  Served to Keystone Automotive Industries Inc on 8/6/2021; Assigned to Attorney. Service Fee of $0.00. SERVED VIA CERTIFIED MAIL RECEIPT | Constance M Alvey |
| | Summons:  Served to Keystone Automotive Operations Inc on 8/4/2021; Assigned to Attorney. Service Fee of $0.00. SERVED VIA CERTIFIED MAIL RECEIPT | Constance M Alvey |
| | Summons:  Served to LKQ Corporation on 8/9/2021; Assigned to Attorney. Service Fee of $0.00.  VIA CERTIFIED MAIL RECEIPT | Constance M Alvey |
| | Affidavit of Service - Keystone Automotive Operations Midwest, Inc.<br>RET:  Return of Service | Constance M Alvey |
| | Affidavit of Service - Keystone Automotive Industries, Inc.    RET:  Return of Service | Constance M Alvey |
| | Affidavit of Service - Keystone Automotive Operations, Inc.    RET:  Return of Service | Constance M Alvey |
| | Affidavit of Service - LKQ Corporation    RET:  Return of Service | Constance M Alvey |
| 8/24/2021 | Email Sent  Date: 08/24/2021 01:26 pm To: sseck@fisherphillips.com File Attached: PETITIONPURSUANTTOK.S.A.CHAPTER60.pdf Name of Document: Petition Pursuant to K.S.A. Chapter 60 | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:26 pm To: sseck@fisherphillips.com File Attached: ENTRYOFAPPEARANCE-ROBERTBRUCEASCO-COUNSELFORPLAINTI Name of Document: Entry of Appearance - Robert Bruce as Co-Counsel for Plaintiff | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:27 pm To: sseck@fisherphillips.com File Attached: PLAINTIFF'SMOTIONFORDEFAULTJUDGMENT.pdf Name of Document: Plaintiff's Motion for Default Judgment | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:27 pm To: sseck@fisherphillips.com File Attached: SUMMONS.pdf Name of Document: Summons | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:28 pm To: sseck@fisherphillips.com File Attached: AFFIDAVITOFSERVICEONDEFENDANT.pdf Name of Document: Affidavit of Service on Defendant | Constance M Alvey |

| | | |
|---|---|---|
| Date: 8/24/2021 | **Wyandotte County District Court** | User: LTWEEDLY |
| Time: 01:49 PM | ROA Report | |
| Page 3 of 4 | Case: 2021-CV-000107 | |

Current Judge: Constance M Alvey

Richard Tanner  vs.  Keystone Automotive Operations Midwest Inc, et al

Other Tort

| Date | | Judge |
|---|---|---|
| 8/24/2021 | Email Sent  Date: 08/24/2021 01:28 pm To: sseck@fisherphillips.com File Attached: PLAINTIFF'SMOTIONFORDEFAULTJUDGMENT.pdf Name of Document: Plaintiff's Motion for Default Judgment | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:28 pm To: sseck@fisherphillips.com File Attached: AFFIDAVITOFSERVICEOFRULE118(D)NOTICEONDEFENDANT.pdf Name of Document: Affidavit of Service of Rule 118(d) Notice on Defendant | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:28 pm To: sseck@fisherphillips.com File Attached: MOTIONFORLEAVETOFILE1STAM.PETITIONANDTOCANCEL81121DEF Name of Document: Motion for Leave to File 1st Am. Petition and to Cancel 8/11/21 Default Hearing | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:29 pm To: sseck@fisherphillips.com File Attached: EXHIBIT1TOPL'SMOTIONFORLEAVETOAMEND.pdf Name of Document: Exhibit 1 to Pl's Motion for Leave to Amend | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:29 pm To: sseck@fisherphillips.com File Attached: ORDERCANCELLING81121HEARINGANDGRANTINGPLAINTIFFLEAVET Name of Document: Order Cancelling 8/11/21 Hearing and Granting Plaintiff Leave to Amend | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:29 pm To: sseck@fisherphillips.com File Attached: FIRSTAMENDEDPETITION.pdf Name of Document: First Amended Petition | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:29 pm To: sseck@fisherphillips.com File Attached: SUMMONSFORKEYSTONEAUTOMOTIVEINDUSTRIES,INC..pdf Name of Document: Summons for Keystone Automotive Industries, Inc. | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:30 pm To: sseck@fisherphillips.com File Attached: SUMMONSFORKEYSTONEAUTOMOTIVEOPERATIONS,INC..pdf Name of Document: Summons for Keystone Automotive Operations, Inc. | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:30 pm To: sseck@fisherphillips.com File Attached: SUMMONSFORLKQCORPORATION.pdf Name of Document: Summons for LKQ Corporation | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:30 pm To: sseck@fisherphillips.com File Attached: SUMMONSFORKEYSTONEAUTOMOTIVEOPERATIONSMIDWEST,INC..| Name of Document: Summons for Keystone Automotive Operations Midwest, Inc. | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:30 pm To: sseck@fisherphillips.com File Attached: AFFIDAVITOFSERVICE-LKQCORPORATION.pdf Name of Document: Affidavit of Service - LKQ Corporation | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:31 pm To: sseck@fisherphillips.com File Attached: AFFIDAVITOFSERVICE-KEYSTONEAUTOMOTIVEOPERATIONS,INC..pd Name of Document: Affidavit of Service - Keystone Automotive Operations, Inc. | Constance M Alvey |

| Date: 8/24/2021 | **Wyandotte County District Court** | User: LTWEEDLY |
|---|---|---|
| Time: 01:49 PM | ROA Report | |
| Page 4 of 4 | Case: 2021-CV-000107 | |

Current Judge: Constance M Alvey

Richard Tanner  vs.  Keystone Automotive Operations Midwest Inc, et al

Other Tort

| Date | | Judge |
|---|---|---|
| 8/24/2021 | Email Sent  Date: 08/24/2021 01:31 pm To: sseck@fisherphillips.com File Attached:<br>AFFIDAVITOFSERVICE-KEYSTONEAUTOMOTIVEINDUSTRIES,INC..pdf<br>Name of Document: Affidavit of Service - Keystone Automotive Industries, Inc. | Constance M Alvey |
| | Email Sent  Date: 08/24/2021 01:31 pm To: sseck@fisherphillips.com File Attached:<br>AFFIDAVITOFSERVICE-KEYSTONEAUTOMOTIVEOPERATIONSMIDWE:<br>Name of Document: Affidavit of Service - Keystone Automotive Operations Midwest, Inc. | Constance M Alvey |

ELECTRONICALLY FILED
2021 Feb 18 PM 3:40
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000107

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:** |
| **v.** | ) | **Division No.:** |
| | ) | **Chapter No.:** |
| **KEYSTONE AUTOMOTIVE OPERATIONS** | ) | |
| **MIDWEST, INC.,** | ) | |
| | ) | **REQUEST FOR JURY TRIAL** |
| **Defendant.** | ) | |

Serve Office Manager:
Keystone Automotive Operations Midwest
90 Shawnee Avenue
Kansas City, Kansas 66105

## PETITION PURSUANT TO K.S.A. CHAPTER 60

COMES NOW Plaintiff, Richard Tanner, and for his cause of action against the above-named Defendant, alleges and states as follows:

1. Plaintiff is a resident of Olathe, Johnson County, Kansas.

2. Defendant is a Delaware corporation doing business in Kansas but not properly registered with the Kansas Secretary of State.

3. Defendant operates a facility located at 90 Shawnee Avenue, Kansas City, Wyandotte County, Kansas.

4. Defendant took adverse employment actions against Plaintiff in Kansas City, Wyandotte County, Kansas.

5. This makes jurisdiction and venue proper in this Court.

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## (KANSAS WORKER COMPENSATION LAW)

6. Defendant warehouses, sells, and delivers automotive parts throughout

1

the United States.

7.      Plaintiff began working for Defendant in December 2020.

8.      Plaintiff worked as a Delivery Driver and was responsible for delivering automotive parts to customers in Kansas, Missouri, Illinois, and Iowa.

9.      As a delivery driver, Plaintiff was responsible for driving to various customer locations and unloading Defendant's truck upon arrival at each customer location.

10.     Plaintiff regularly worked 12-17 hour shifts on Tuesday and Wednesday; and 7-hour shifts on Fridays.

11.     On or about January 13, 2021, Plaintiff was unloading a pre-formed truck-bed liner from the back of Defendant's truck.

12.     Plaintiff was utilizing a packing strap that was wrapped around the liner to pull the liner out of Defendant's truck when the liner became lodged.

13.     As Plaintiff pulled on the packing strap, the strap broke and Plaintiff fell backwards.

14.     As Plaintiff was falling backward, he was able to rotate his body so that when he contacted the ground it was with his left knee and the palms of his outstretched hands.

15.     With the help of one of Defendant's customer's employees, Plaintiff completed the delivery.

16.     Plaintiff then called his supervisor, Andy Gustin, and described the incident.

17.     Gustin told Plaintiff that if he was in a lot of pain he should get checked out.

18.     Gustin asked Plaintiff if he would be able to finish his route that day, and Plaintiff said that he thought he could.

19.    Gustin texted Plaintiff to inform him that even if Plaintiff did not, immediately, seek treatment, Plaintiff would need to get checked out the following day at Concentra.

20.    After a couple more stops, Plaintiff's knee had begun to swell, and his hands and knee were throbbing.

21.    Plaintiff called Gustin at approximately 4:00 P.M.

22.    Plaintiff informed Gustin that he would not be able to complete all of his deliveries due to the pain.

23.    Gustin reiterated that Plaintiff ought to get evaluated by a doctor if he was in severe pain.

24.    Gustin then texted Plaintiff that he could go to the University of Kansas Medical Center Emergency Department ("KU") if he felt he needed to seek immediate treatment.

25.    Plaintiff told Gustin that he was going to seek treatment at KU.

26.    Gustin told Plaintiff that he needed workers' compensation paperwork but that it could be filed when Plaintiff came in the next day.

27.    Plaintiff was evaluated at KU where a rock was removed from Plaintiff's right-hand palm, he received a wrist brace for his right wrist, and a knee brace for his left knee.

28.    The following day, on or about January 14, 2021, Plaintiff received a call from Defendant's Human Resources Coordinator, Brooke Roath.

29.    Roath instructed Plaintiff to go to Concentra for an evaluation.

30.    Roath instructed Plaintiff to bring his paperwork from KU and Concentra to

Defendant's facility after he was done at Concentra.

31.     Upon evaluation by the authorized treatment provider at Concentra, Plaintiff was provided restrictions which prevented him from driving a company vehicle.

32.     Plaintiff returned to Defendant's facility as he had been instructed and provided the medical paperwork to Roath.

33.     Upon providing his medical documentation, Plaintiff expressed to Roath his desire to continue working.

34.     Roath told Plaintiff that Gustin would be in contact with Plaintiff and would tell Plaintiff when to come back to work.

35.     Later that evening, Plaintiff received a text from Gustin who told Plaintiff to take his next scheduled shift, Friday, January 15, 2021, off, rest through the weekend, and return on Monday, January 18, 2021.

36.     Plaintiff did as instructed by Gustin and stayed home on Friday, January 15, 2021.

37.     Plaintiff rested, elevated, and iced his injured body parts through the weekend.

38.     On or about Monday, January 18, 2021, Plaintiff reported to work at Defendant's facility at 2:30 A.M., as instructed by Gustin.

39.     Gustin assigned Plaintiff light duty work which complied with Plaintiff's restrictions.

40.     Plaintiff completed his light duty shift, without incident, sometime around 9:00 A.M.

41.     Plaintiff then went to Concentra for his follow up appointment at

approximately 10:30 A.M.

42.     Plaintiff informed the authorized treatment provider that his left knee felt much better but was still experiencing some wrist pain.

43.     Plaintiff was released to full duty but told to continue to wear his wrist brace, as needed.

44.     On or about January 19, 2021, Plaintiff returned to his normal job duties of making deliveries on his route.

45.     Plaintiff worked his scheduled shifts for the rest of the week without incident.

46.     On or about January 25, 2021, Plaintiff had his final follow up appointment with Defendant's authorized treatment provider and was released at maximum medical improvement.

47.     On or about January 27, 2021, in the course and scope of employment, Plaintiff was unloading a large, truck brush guard with the help of an employee of Defendant's customer.

48.     As the two men were carrying the brush guard from the back of Defendant's truck to the customer's shop, a distance of approximately five feet, Plaintiff's foot slipped on snow located on the smooth concrete just inside of the customers warehouse area.

49.     Plaintiff dropped his side of the brush guard as he fell to the ground with his left knee violently striking the pavement and bearing Plaintiff's entire weight.

50.     The employee helping Plaintiff stated, "oh man, you okay? I've slipped out here before, it gets really slick."

51.     Plaintiff told the employee that he was in a lot of pain and needed a few

minutes to gather himself.

52.     Thinking the pain would dissipate, Plaintiff continued, working through the pain, and finished his shift.

53.     Plaintiff got home from work at approximately 9:15 P.M. that evening and took an over-the-counter, non-steroidal anti-inflammatory.

54.     At approximately 10:30 P.M., Plaintiff was in a lot of pain, went to bed, and attempted to fall asleep.

55.     Unable to fall asleep because of the pain, Plaintiff took an over-the-counter sleep aid and fell asleep.

56.     At approximately midnight, Plaintiff awoke in great pain.

57.     Plaintiff was unable to fall back asleep due to the pain in his left knee.

58.     At approximately 3:30 A.M. on January 28, 2021, Plaintiff called Gustin and reported his injury.

59.     Gustin informed Plaintiff that he would need to talk to Roath and, ultimately, go back to Concentra.

60.     Plaintiff was still unable to fall back to sleep because of the pain, and at approximately 8:30 A.M., Plaintiff called Roath.

61.     Plaintiff identified himself and began to explain the incident that caused the work-related injury from the day before.

62.     Roath cut Plaintiff off and said, "I talked to Andy, I'm getting ready to call Concentra to get you set up. You need to go in today by 3:00 P.M."

63.     Roath informed Plaintiff that if he went to Concentra after 3:00 P.M. he would have a difficult time getting in to see a doctor.

64.     Plaintiff confirmed that he would go to Concentra and thanked Roath.

65.     Plaintiff hung up the phone, remained in his reclining chair with his left leg elevated, and applied an ice pack.

66.     Exhausted from his sleepless night, Plaintiff dozed off and fell into a deep sleep.

67.     Plaintiff awoke at approximately 3:25 P.M.

68.     Realizing he had slept past the time provided by Roath, Plaintiff immediately texted Gustin to inform him about sleeping past 3:00 P.M.

69.     Plaintiff informed Gustin that he would go to the doctor first thing the following day, Friday, January 29, 2021.

70.     On or about January 29, 2021, Plaintiff drove to Defendant's facility, arriving at approximately 8:30 A.M.

71.     Upon pulling into the parking lot, Plaintiff called Defendant and spoke to Roath.

72.     Plaintiff explained that he was having a difficult time walking and asked Roath if she would bring the workers' compensation paperwork to Plaintiff's vehicle so that Plaintiff could go to Concentra.

73.     At that point, Roath stated, simply, "you've been terminated."

74.     Plaintiff pleaded with Roath that he was a dedicated employee and did not want to lose his job.

75.     Roath replied, simply, "you're terminated" and ended the call.

76.     Because Roath did not provide Plaintiff with the workers' compensation paperwork, Plaintiff thought, due to his termination, that he was no longer entitled to

treatment through Defendant's workers' compensation insurance and drove home.

77.     After being advised of his rights provided by Kansas Workers' Compensation law, Plaintiff requested treatment for his work-related injury and received authorized treatment on February 3, 2021.

78.     On or about February 3, 2021, Plaintiff filed two Applications for Benefits with the Kansas Department of Labor pursuant to Kansas Workers' Compensation law for his January 13 and January 27, 2021 work-related injuries.

79.     Plaintiff's underlying Workers' Compensation case is ongoing, and he is receiving authorized treatment for his work-related injuries.

80.     All actions or inactions of or by Defendant occurred by or through its agents, servants, or employees, acting within the course and scope of their employment, as set forth herein.

81.     Plaintiff exercised rights granted by the Kansas Worker's Compensation Act.

82.     Defendant took adverse employment actions against Plaintiff, including but not limited to discharging Plaintiff.

83.     Defendant's adverse employment actions taken against Plaintiff were based upon, and directly related to, Plaintiff exercising his rights for workers' compensation benefits as stated above.

84.     Defendant's adverse employment actions against Plaintiff violate State public policy clearly declared by the Courts and the Kansas Legislature.

85.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered irreparable injury, including past and future pecuniary losses, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, reduced

employment opportunities, and will continue to suffer the same unless and until this Court grants relief.

86.     Defendant acted toward Plaintiff with willful conduct, wanton conduct, or malice.

87.     Thus, an award of punitive and exemplary damages is appropriate.

WHEREFORE, the Plaintiff prays for judgment against the above-named Defendant in an amount in excess of $75,000, for the costs of this action, and for such other and further consideration and relief as the Court may deem just and equitable.

Respectfully submitted,

 /s/ Daniel L. Doyle
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, KS  66101
(913) 371-1930, ext. 109
(913) 371-0147  Facsimile
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**

ELECTRONICALLY FILED
2021 Feb 19 AM 8:54
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000107

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 2021-CV-000107** |
| **v.** | ) | **Division No.: 2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ENTRY OF APPEARANCE

COMES NOW, Robert A. Bruce of the law firm of Doyle & Associates LLC and hereby enters his appearance as co-counsel on behalf of Plaintiff Richard Tanner in the above-referenced matter. Plaintiff re-designates Daniel L. Doyle as Lead Attorney of Record in this matter.


Date: February 19, 2021                    Respectfully submitted,


                                           /s/ Robert A. Bruce
                                           Daniel L. Doyle, KS Bar No. 11260
                                           Robert A. Bruce, KS Bar No. 28332
                                           DOYLE & ASSOCIATES LLC
                                           748 Ann Avenue
                                           Kansas City, Kansas 66101
                                           Telephone: (913) 371-1930
                                           Facsimile: (913) 371-0147
                                           d.doyle@ddoylelaw.com
                                           r.bruce@ddoylelaw.com
                                           **ATTORNEYS FOR PLAINTIFF**

ELECTRONICALLY FILED
2021 Feb 19 PM 1:43
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000107



**Court:**          Wyandotte County District Court

**Case Number:**    2021-CV-000107

**Case Title:**     Richard Tanner vs. Keystone Automotive Operations
                    Midwest Inc

**Type:**           Summons

SO ORDERED.

/s/ Clerk of District Court

Electronically signed on 2021-02-19 13:43:01     page 1 of 2

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  2021-CV-000107** |
| **v.** | ) | **Division No.:  2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

To the above-named Defendant:

> **Keystone Automotive Operations Midwest, Inc.**
> **Office Manager**
> **90 Shawnee Ave**
> **Kansas City, Kansas 66105**

## <u>SUMMONS</u>

You are hereby notified that an action has been commenced against you in this

Court.   You are required to file your Answer or Motion under K.S.A. 60-212, and

amendments thereto, to the Petition with the Court and to serve a copy upon:

> Daniel L. Doyle
> Robert A. Bruce
> DOYLE & ASSOCIATES LLC
> 748 Ann Avenue
> Kansas City, Kansas  66101
> Telephone:  (913) 371-1930
> Facsimile:  (913) 371-0147
> d.doyle@ddoylelaw.com
> r.bruce@ddoylelaw.com
> ATTORNEYS FOR PLAINTIFF

Within 21 days after service of summons on you.

_____
Clerk of the District Court

**Documents to be served with Summons:**
Petition

1

ELECTRONICALLY FILED
2021 Mar 01 AM 11:20
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000107

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  2021-CV-000107** |
| **v.** | ) | **Division No.:  2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### AFFIDAVIT OF SERVICE

I hereby states that the Petition and Summons for this matter were served upon Defendant on February 25, 2021, by delivering a copy of the same via Certified Mail, to the Office Manager for Keystone Automotive Operations Midwest, Inc. at 90 Shawnee Ave, Kansas City, Kansas 66105.

A copy of the Return Receipt is attached to this filing.

Bronwen Hicks
748 Ann Ave, Kansas City, KS 66101

| | |
|---|---|
| STATE OF KANSAS | ) |
| | ) ss: |
| COUNTY OF WYANDOTTE | ) |

On this 1st day of March, 2021, the above person known to me executed this document.

NOTARY PUBLIC - State of Kansas
DANIEL L. DOYLE
My Appt. Expires 10/26/24

NOTARY PUBLIC

Respectfully submitted,


 */s/ Robert A. Bruce*
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, Kansas  66101
Telephone:  (913) 371-1930
Facsimile:  (913) 371-0147
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**



USPS TRACKING #

KANSAS CITY 640

28 FEB 2021 PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 6005 0069 4977 16

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Daniel L. Doyle
Doyle & Associates LLC
748 Ann Avenue
Kansas City, KS  66101

Richard Tanner – Certified Mail of Petition & Summons to Def.



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Keystone Automotive Operations Midwest, Inc.
Office Manager
90 Shawnee Avenue
Kansas City, KS  66105

9590 9402 6005 0069 4977 16

2. Article Number (Transfer from service label)

7013 0600 0002 0493 3927

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____  ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
G4                                2/25/2021

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

ELECTRONICALLY FILED
2021 Jul 12 PM 3:26
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000107

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  2021-CV-000107** |
| **v.** | ) | **Division No.: 2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE OPERATIONS** | ) | |
| **MIDWEST, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

COMES NOW Plaintiff Richard Tanner, by and through under signed counsel, and moves this Court for Judgment by Default in favor of Plaintiff and against Defendant Keystone Automotive Operations Midwest, Inc. ("Defendant"). In support of this Motion, Plaintiff states as follows:

1.      Plaintiff worked for Defendant in Kansas City, Kansas.

2.      Plaintiff suffered a work-related injury on January 13, 2021, for which a workers' compensation claim has been filed with the Kansas Division of Workers' Compensation and Claim No. CS-00-0456-229.

3.      Defendant has engaged in that litigation and continues to do so.

4.      Plaintiff filed this action on February 18, 2021.

5.      Defendant, despite operating a facility at 90 Shawnee Ave, Kansas City, Kansas has never registered to do business in Kansas nor otherwise appointed a Registered Agent for purposes of being served.

6.      The Office Manager for Defendant's Kansas City, Kansas office was served with a copy of the Petition and Summons in this matter on February 25, 2021.

1

7.      Over 21 days have passed and Defendant has failed to file a responsive pleading or otherwise defendant this matter.

8.      Defendant's failure to timely file a response to the Petition has resulted in the admission of the averments in Plaintiff's Petition.

9.      These admissions demonstrate that Plaintiff is entitled to judgment by default.

10.     Thus, pursuant to K.S.A. § 62-255(a), Defendant is in default.

11.     Further, as Defendant has not appeared in this matter, it is entitled to no further notice beyond the amount of damages sought by Plaintiff.

12.     On July 12, 2021, Plaintiff sent notice of his intent to seek a judgment in the amount of $350,000 from Defendant in accordance with Kansas Supreme Court Rule 118(d).

13.     Such notice was sent via Certified Mail, Return Receipt Requested, and Plaintiff shall file proof of delivery via the Return Receipt as soon as it is available to Plaintiff.

WHEREFORE, Plaintiff prays for an entry of Judgment by Default against Defendant following a hearing to be held by the Court on August 11, 2021 at 11:45 AM. Plaintiff seeks damages in the amount of $350,000 or whatever amount deemed appropriate by the Court following hearing evidence at the August 11, 2021 hearing, and for all other relief deemed just and proper by this Court.

Respectfully submitted,


 _/s/ Robert A. Bruce_____
Daniel L. Doyle, MO Bar No. 37305
Robert A. Bruce, MO Bar No. 69985
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, Kansas  66101
Telephone:  (913) 371-1930
Facsimile:  (913) 371-0147
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
ATTORNEYS FOR PLAINTIFF

ELECTRONICALLY FILED
2021 Jul 20 PM 2:16
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000107

### IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

| | |
|---|---|
| **RICHARD TANNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.:  2021-CV-000107** |
| **v.** ) | **Division No.:  2** |
| ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** ) | |
| **OPERATIONS MIDWEST, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

### AFFIDAVIT OF SERVICE OF RULE 118(d) NOTICE

I hereby state that Notice of Plaintiff's intention to seek damages in the amount of $350,000 in this matter was provided to Defendant on July 15, 2021 by sending such notice to the Office Manager for Keystone Automotive Operations Midwest, Inc. at 90 Shawnee Ave, Kansas City, Kansas 66105 via Certified Mail, Return Receipt delivery.

A copy of the Return Receipt is attached to this filing.

Bronwen Hicks
748 Ann Ave, Kansas City, KS 66101

| | | |
|---|---|---|
| STATE OF KANSAS | ) | |
| | ) | ss: |
| COUNTY OF WYANDOTTE | ) | |

On this 20th day of July, 2021, the above person known to me executed this document.

NOTARY PUBLIC

NOTARY PUBLIC - State of Kansas
DANIEL L. DOYLE
My Appt. Expires 10/20/2024

Respectfully submitted,


_/s/ Robert A. Bruce_
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, Kansas  66101
Telephone:  (913) 371-1930
Facsimile:  (913) 371-0147
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Keystone Automotive Operations
   Midwest, Inc.
Office Manager
90 Shawnee Avenue
Kansas City, KS  66105

9590 9402 6005 0069 4981 88

2. Article Number (Transfer from service label)

7013 0600 0002 0493 2081

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  _LH S71_
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C-19

C. Date of Delivery
7/15/2021

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

ELECTRONICALLY FILED
2021 Aug 02 AM 10:06
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000107

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 2021-CV-000107** |
| **v.** | ) | **Division No.: 2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION AND CANCEL DEFAULT JUDGMENT HEARING SET FOR AUGUST 11, 2021

COMES NOW Plaintiff, by and through undersigned counsel, and respectfully requests leave of this Court to file his First Amended Petition and to cancel the hearing currently set for Plaintiff's Motion for Default Judgment on August 11, 2021. In support of these requests, Plaintiff states the following:

1.      This matter arises from Plaintiff's employment and subsequent termination with Defendant and/or the proposed additional Defendants.

2.      On or about February 18, 2021, Plaintiff filed his Petition in this matter, naming solely Defendant as his employer based upon his knowledge of this entity's name and his pending workers' compensation claims.

3.      Defendant was served by delivering a copy of the Petition and Summons to the manager of the location where Plaintiff reported to work, 90 Shawnee Avenue, Kansas City, Kansas 66105.

4.      Despite being served with process and other documents related to this

1

lawsuit, Defendant has failed to respond or appear.

5.    Plaintiff set this matter for hearing on his motion for default, currently scheduled for August 11, 2021 at 11:45 A.M.

6.    In preparing for the default hearing, Plaintiff and his counsel have become concerned that the entity which is named may not be the only (or true) employer, and that a default judgment granted against Defendant may well be simply a default against an asset-less shell subsidiary.

7.    This is based, in part, on the fact that different entities, LKQ Corporation, Keystone Automotive Industries, and Keystone Automotive Operations, Inc., have been used interchangeably in the underlying workers' compensation cases.

8.    Research—namely, public filings made with the US Securities and Exchange Commission—shows that Defendant and Keystone Automotive Industries are wholly owned subsidiaries of Keystone Automotive Operations, Inc., and that entity is itself a subsidiary of LKQ Corporation.

9.    While Plaintiff believes the normal practice for an entity in Defendant's position would be to identify the correct entity via an appearance and motion to dismiss, proceeding against only Defendant places Plaintiff at great risk of no meaningful means of recovering on any judgment. *See McDaniel v. Sw. Bell, Inc.*, 45 Kan. App. 2d 805, 807 (2011) (no ability to amend default judgment nor to collect against related but not named entities).

10.    K.S.A. § 60-215 states that, aside from two non-applicable scenarios, "a party may amend its pleading only with the opposing party's written consent, or the court's leave. The court should freely give leave when justice so requires."

11.     A copy of the proposed First Amended Petition is attached to this filing as Exhibit 1.

12.     Plaintiff would request that the Hearing set for August 11, 2021 be cancelled and—if appropriate—reset at a later date following service upon the proposed new parties.

WHEREFORE, Plaintiff requests permission to file his First Amended Petition and for cancellation of the hearing for default judgment set for August 11, 2021 at 11:45 A.M., and for such other and further consideration and relief as the Court may deem just and equitable.

Respectfully submitted,

 /s/ Robert A. Bruce
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, Kansas  66101
Telephone:  (913) 371-1930
Facsimile:  (913) 371-0147
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**

```
EXHIBIT 1
Proposed
Pleading
```

ELECTRONICALLY FILED
2021 Aug 02 AM 10:06
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000107

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  2021-CV-000107** |
| **v.** | ) | **Division No.:  2** |
| | ) | **Chapter No.:  60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC.,** | ) | **REQUEST FOR JURY TRIAL** |
| | ) | |
| **and** | ) | |
| | ) | |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **INDUSTRIES, INC.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS, INC.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LKQ CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Serve Keystone Automotive
Operations Midwest, Inc.:
Office Manager
90 Shawnee Avenue
Kansas City, Kansas 66105

Serve Keystone Automotive Industries, Inc.:
Office Manager
90 Shawnee Avenue
Kansas City, Kansas 66105

Serve Keystone Automotive
Operations, Inc.:
Office Manager
90 Shawnee Avenue
Kansas City, Kansas 66105

Serve LKQ Corporation:
Office Manager
90 Shawnee Avenue
Kansas City, Kansas 66105

## FIRST AMENDED PETITION PURSUANT TO K.S.A. CHAPTER 60

COMES NOW Plaintiff, Richard Tanner, and for his cause of action against the above-named Defendants, alleges and states as follows:

1.      Plaintiff is a resident of Olathe, Johnson County, Kansas.

2.      Defendant LKQ Corporation ("Defendant LKQ") is a corporation doing business in Kansas.

3.      Defendant LKQ is not properly registered to do business in the State with the Kansas Secretary of State, and has never been registered to do so.

4.      Defendant LKQ has, at various times, held itself out to be Plaintiff's former employer in currently pending workers' compensation claims CS-00-0456-229 and CS-00-0456-230.

5.      Defendant LKQ's name appears on Plaintiff's paystubs.

6.      Defendant Keystone Automotive Operations, Inc. ("Defendant KAO") is a corporation doing business in Kansas.

7.      Defendant KAO is not properly registered to do business in the State with the Kansas Secretary of State, and has never been registered to do so.

8.      Defendant KAO has, at various times, held itself out to be Plaintiff's former employer in currently pending workers' compensation claims CS-00-0456-229 and CS-00-0456-230.

9.      Defendant Keystone Automotive Industries, Inc. ("Defendant KAI") is a corporation doing business in Kansas.

10.     Defendant KAI is not properly registered to do business in the State with the Kansas Secretary of State, but was previously registered to do so until that right was

revoked on October 15, 1991.

11.     Defendant KAI's name appears on Plaintiff's W-2 form.

12.     Defendant Keystone Automotive Operations Midwest, Inc. ("Defendant KAOM") is a corporation doing business in Kansas Defendant.

13.     Defendant KAOM is not properly registered to do business in the State with the Kansas Secretary of State, but was previously registered to do so until that right was revoked on July 15, 2010.

14.     While employed, the name of Defendant KAOM was known to Plaintiff and used by his various supervisors when referring to the name of Plaintiff's employer.

15.     Defendant LKQ wholly owns Defendant KAO.

16.     Defendant KAO wholly owns Defendant KAI and Defendant KAOM.

17.     Defendant LKQ, Defendant KAO, Defendant KAI, and Defendant KAOM are collectively referred to hereinafter as "Defendants."

18.     Each Defendant utilizes common operations and has common management and finical control.

19.     Each Defendant has common management and utilizes centralized labor control through Defendant LKQ.

20.     Thus, all four defendants are an integrated enterprise, and thus constitute Plaintiff's "employer" as one.

21.     Defendants operate a facility located at 90 Shawnee Avenue, Kansas City, Wyandotte County, Kansas.

22.     Defendants took adverse employment actions against Plaintiff in Kansas City, Wyandotte County, Kansas.

23.     This makes jurisdiction and venue proper in this Court.

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## (KANSAS WORKER COMPENSATION LAW)

24.     Defendants warehouse, sell, and deliver automotive parts throughout the United States.

25.     Plaintiff began working for Defendants in December 2020.

26.     Plaintiff worked as a Delivery Driver and was responsible for delivering automotive parts to customers in Kansas, Missouri, Illinois, and Iowa.

27.     As a delivery driver, Plaintiff was responsible for driving to various customer locations and unloading Defendants' truck upon arrival at each customer location.

28.     Plaintiff regularly worked 12-17 hour shifts on Tuesday and Wednesday; and 7-hour shifts on Fridays.

29.     On or about January 13, 2021, Plaintiff was unloading a pre-formed truck-bed liner from the back of Defendants' truck.

30.     Plaintiff was utilizing a packing strap that was wrapped around the liner to pull the liner out of Defendants' truck when the liner became lodged.

31.     As Plaintiff pulled on the packing strap, the strap broke and Plaintiff fell backwards.

32.     As Plaintiff was falling backward, he was able to rotate his body so that when he contacted the ground it was with his left knee and the palms of his outstretched hands.

33.     With the help of one of Defendants' customer's employees, Plaintiff completed the delivery.

34.     Plaintiff then called his supervisor, Andy Gustin, and described the incident.

35.     Gustin told Plaintiff that if he was in a lot of pain he should get checked out.

36.     Gustin asked Plaintiff if he would be able to finish his route that day, and Plaintiff said that he thought he could.

37.     Gustin texted Plaintiff to inform him that even if Plaintiff did not, immediately, seek treatment, Plaintiff would need to get checked out the following day at Concentra.

38.     After a couple more stops, Plaintiff's knee had begun to swell, and his hands and knee were throbbing.

39.     Plaintiff called Gustin at approximately 4:00 P.M.

40.     Plaintiff informed Gustin that he would not be able to complete all of his deliveries due to the pain.

41.     Gustin reiterated that Plaintiff ought to get evaluated by a doctor if he was in severe pain.

42.     Gustin then texted Plaintiff that he could go to the University of Kansas Medical Center Emergency Department ("KU") if he felt he needed to seek immediate treatment.

43.     Plaintiff told Gustin that he was going to seek treatment at KU.

44.     Gustin told Plaintiff that he needed workers' compensation paperwork but that it could be filed when Plaintiff came in the next day.

45.     Plaintiff was evaluated at KU where a rock was removed from Plaintiff's right-hand palm, he received a wrist brace for his right wrist, and a knee brace for his left knee.

46. The following day, on or about January 14, 2021, Plaintiff received a call from Defendants' Human Resources Coordinator, Brooke Roath.

47. Roath instructed Plaintiff to go to Concentra for an evaluation.

48. Roath instructed Plaintiff to bring his paperwork from KU and Concentra to Defendants' facility after he was done at Concentra.

49. Upon evaluation by the authorized treatment provider at Concentra, Plaintiff was provided restrictions which prevented him from driving a company vehicle.

50. Plaintiff returned to Defendants' facility as he had been instructed and provided the medical paperwork to Roath.

51. Upon providing his medical documentation, Plaintiff expressed to Roath his desire to continue working.

52. Roath told Plaintiff that Gustin would be in contact with Plaintiff and would tell Plaintiff when to come back to work.

53. Later that evening, Plaintiff received a text from Gustin who told Plaintiff to take his next scheduled shift, Friday, January 15, 2021, off, rest through the weekend, and return on Monday, January 18, 2021.

54. Plaintiff did as instructed by Gustin and stayed home on Friday, January 15, 2021.

55. Plaintiff rested, elevated, and iced his injured body parts through the weekend.

56. On or about Monday, January 18, 2021, Plaintiff reported to work at Defendants' facility at 2:30 A.M., as instructed by Gustin.

57. Gustin assigned Plaintiff light duty work which complied with Plaintiff's

restrictions.

58.     Plaintiff completed his light duty shift, without incident, sometime around 9:00 A.M.

59.     Plaintiff then went to Concentra for his follow up appointment at approximately 10:30 A.M.

60.     Plaintiff informed the authorized treatment provider that his left knee felt much better but was still experiencing some wrist pain.

61.     Plaintiff was released to full duty but told to continue to wear his wrist brace, as needed.

62.     On or about January 19, 2021, Plaintiff returned to his normal job duties of making deliveries on his route.

63.     Plaintiff worked his scheduled shifts for the rest of the week without incident.

64.     On or about January 25, 2021, Plaintiff had his final follow up appointment with Defendants' authorized treatment provider and was released at maximum medical improvement.

65.     On or about January 27, 2021, in the course and scope of employment, Plaintiff was unloading a large, truck brush guard with the help of an employee of Defendants' customer.

66.     As the two men were carrying the brush guard from the back of Defendants' truck to the customer's shop, a distance of approximately five feet, Plaintiff's foot slipped on snow located on the smooth concrete just inside of the customers warehouse area.

67.     Plaintiff dropped his side of the brush guard as he fell to the ground with his

left knee violently striking the pavement and bearing Plaintiff's entire weight.

68.     The employee helping Plaintiff stated, "oh man, you okay? I've slipped out here before, it gets really slick."

69.     Plaintiff told the employee that he was in a lot of pain and needed a few minutes to gather himself.

70.     Thinking the pain would dissipate, Plaintiff continued, working through the pain, and finished his shift.

71.     Plaintiff got home from work at approximately 9:15 P.M. that evening and took an over-the-counter, non-steroidal anti-inflammatory.

72.     At approximately 10:30 P.M., Plaintiff was in a lot of pain, went to bed, and attempted to fall asleep.

73.     Unable to fall asleep because of the pain, Plaintiff took an over-the-counter sleep aid and fell asleep.

74.     At approximately midnight, Plaintiff awoke in great pain.

75.     Plaintiff was unable to fall back asleep due to the pain in his left knee.

76.     At approximately 3:30 A.M. on January 28, 2021, Plaintiff called Gustin and reported his injury.

77.     Gustin informed Plaintiff that he would need to talk to Roath and, ultimately, go back to Concentra.

78.     Plaintiff was still unable to fall back to sleep because of the pain, and at approximately 8:30 A.M., Plaintiff called Roath.

79.     Plaintiff identified himself and began to explain the incident that caused the work-related injury from the day before.

80.     Roath cut Plaintiff off and said, "I talked to Andy, I'm getting ready to call Concentra to get you set up. You need to go in today by 3:00 P.M."

81.     Roath informed Plaintiff that if he went to Concentra after 3:00 P.M. he would have a difficult time getting in to see a doctor.

82.     Plaintiff confirmed that he would go to Concentra and thanked Roath.

83.     Plaintiff hung up the phone, remained in his reclining chair with his left leg elevated, and applied an ice pack.

84.     Exhausted from his sleepless night, Plaintiff dozed off and fell into a deep sleep.

85.     Plaintiff awoke at approximately 3:25 P.M.

86.     Realizing he had slept past the time provided by Roath, Plaintiff immediately texted Gustin to inform him about sleeping past 3:00 P.M.

87.     Plaintiff informed Gustin that he would go to the doctor first thing the following day, Friday, January 29, 2021.

88.     On or about January 29, 2021, Plaintiff drove to Defendants' facility, arriving at approximately 8:30 A.M.

89.     Upon pulling into the parking lot, Plaintiff called spoke to Roath.

90.     Plaintiff explained that he was having a difficult time walking and asked Roath if she would bring the workers' compensation paperwork to Plaintiff's vehicle so that Plaintiff could go to Concentra.

91.     At that point, Roath stated, simply, "you've been terminated."

92.     Plaintiff pleaded with Roath that he was a dedicated employee and did not want to lose his job.

93.     Roath replied, simply, "you're terminated" and ended the call.

94.     Because Roath did not provide Plaintiff with the workers' compensation paperwork, Plaintiff thought, due to his termination, that he was no longer entitled to treatment through Defendants' workers' compensation insurance and drove home.

95.     After being advised of his rights provided by Kansas Workers' Compensation law, Plaintiff requested treatment for his work-related injury and received authorized treatment on February 3, 2021.

96.     On or about February 3, 2021, Plaintiff filed two Applications for Benefits with the Kansas Department of Labor pursuant to Kansas Workers' Compensation law for his January 13 and January 27, 2021 work-related injuries.

97.     All actions or inactions of or by Defendants occurred by or through its agents, servants, or employees, acting within the course and scope of their employment, as set forth herein.

98.     Plaintiff exercised rights granted by the Kansas Worker's Compensation Act.

99.     Defendants took adverse employment actions against Plaintiff, including but not limited to discharging Plaintiff.

100.    Defendants' adverse employment actions taken against Plaintiff were based upon, and directly related to, Plaintiff exercising his rights for workers' compensation benefits as stated above.

101.    Defendants' adverse employment actions against Plaintiff violate State public policy clearly declared by the Courts and the Kansas Legislature.

102.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered irreparable injury, including past and future pecuniary losses, emotional pain,

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, reduced employment opportunities, and will continue to suffer the same unless and until this Court grants relief.

103.    Defendants acted toward Plaintiff with willful conduct, wanton conduct, or malice.

104.    Thus, an award of punitive and exemplary damages is appropriate.

WHEREFORE, the Plaintiff prays for judgment against the above-named Defendants—jointly and severally—in the amount of $350,000, for the costs of this action, and for such other and further consideration and relief as the Court may deem just and equitable.

Respectfully submitted,

 _/s/ Robert A. Bruce_
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, KS  66101
(913) 371-1930
(913) 371-0147  Facsimile
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**

ELECTRONICALLY FILED
2021 Aug 03 AM 10:19
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000107



**Court:**      Wyandotte County District Court

**Case Number:**    2021-CV-000107

**Case Title:**    Richard Tanner vs. Keystone Automotive Operations Midwest Inc

**Type:**    Order Cancelling 8/11/21 Hearing and Granting Plaintiff Leave to Amend

SO ORDERED.

/s/ Honorable Constance M. Alvey, District Court Judge

Electronically signed on 2021-08-03 10:19:32    page 1 of 2

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  2021-CV-000107** |
| **v.** | ) | **Division No.:  2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC.,** | ) | |

### JOURNAL ENTRY

NOW  on this _____ day of August, 2021, the above-captioned matter comes before the Court on Plaintiff's *Motion for Leave to File First Amended Petition and Cancel Defautl Judgment Hearing Set for August 11, 2021*. After reviewing the proposed pleading and K.S.A. § 60-215, the Court finds that Plaintiff's Motion should be SUSTAINED.

IT IS THEREFORE ORDERED that Plaintiff's *Motion* is SUSTAINED. The Hearing on Plaintiff's Motion for Default Judgment set for August 11, 2021 is CANCELLED. Plaintiff's Motion for Default Judgment is DENIED AS MOOT. Plaintiff is to file his First Amended Petition within ten (10) days of the date of this Entry.

_____
Honorable Constance Alvey, District Court Judge

1

ELECTRONICALLY FILED
2021 Aug 03 AM 11:58
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000107

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  2021-CV-000107** |
| **v.** | ) | **Division No.:  2** |
| | ) | **Chapter No.:  60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC.,** | ) | **REQUEST FOR JURY TRIAL** |
| | ) | |
| **and** | ) | |
| | ) | |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **INDUSTRIES, INC.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS, INC.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LKQ CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Serve Keystone Automotive              Serve Keystone Automotive Industries, Inc.:
Operations Midwest, Inc.:              Office Manager
Office Manager                         90 Shawnee Avenue
90 Shawnee Avenue                      Kansas City, Kansas 66105
Kansas City, Kansas 66105


Serve Keystone Automotive              Serve LKQ Corporation:
Operations, Inc.:                      Office Manager
Office Manager                         90 Shawnee Avenue
90 Shawnee Avenue                      Kansas City, Kansas 66105
Kansas City, Kansas 66105

## FIRST AMENDED PETITION PURSUANT TO K.S.A. CHAPTER 60

COMES NOW Plaintiff, Richard Tanner, and for his cause of action against the above-named Defendants, alleges and states as follows:

1.     Plaintiff is a resident of Olathe, Johnson County, Kansas.

2.     Defendant LKQ Corporation ("Defendant LKQ") is a corporation doing business in Kansas.

3.     Defendant LKQ is not properly registered to do business in the State with the Kansas Secretary of State, and has never been registered to do so.

4.     Defendant LKQ has, at various times, held itself out to be Plaintiff's former employer in currently pending workers' compensation claims CS-00-0456-229 and CS-00-0456-230.

5.     Defendant LKQ's name appears on Plaintiff's paystubs.

6.     Defendant Keystone Automotive Operations, Inc. ("Defendant KAO") is a corporation doing business in Kansas.

7.     Defendant KAO is not properly registered to do business in the State with the Kansas Secretary of State, and has never been registered to do so.

8.     Defendant KAO has, at various times, held itself out to be Plaintiff's former employer in currently pending workers' compensation claims CS-00-0456-229 and CS-00-0456-230.

9.     Defendant Keystone Automotive Industries, Inc. ("Defendant KAI") is a corporation doing business in Kansas.

10.     Defendant KAI is not properly registered to do business in the State with the Kansas Secretary of State, but was previously registered to do so until that right was

revoked on October 15, 1991.

11.     Defendant KAI's name appears on Plaintiff's W-2 form.

12.     Defendant Keystone Automotive Operations Midwest, Inc. ("Defendant KAOM") is a corporation doing business in Kansas Defendant.

13.     Defendant KAOM is not properly registered to do business in the State with the Kansas Secretary of State, but was previously registered to do so until that right was revoked on July 15, 2010.

14.     While employed, the name of Defendant KAOM was known to Plaintiff and used by his various supervisors when referring to the name of Plaintiff's employer.

15.     Defendant LKQ wholly owns Defendant KAO.

16.     Defendant KAO wholly owns Defendant KAI and Defendant KAOM.

17.     Defendant LKQ, Defendant KAO, Defendant KAI, and Defendant KAOM are collectively referred to hereinafter as "Defendants."

18.     Each Defendant utilizes common operations and has common management and finical control.

19.     Each Defendant has common management and utilizes centralized labor control through Defendant LKQ.

20.     Thus, all four defendants are an integrated enterprise, and thus constitute Plaintiff's "employer" as one.

21.     Defendants operate a facility located at 90 Shawnee Avenue, Kansas City, Wyandotte County, Kansas.

22.     Defendants took adverse employment actions against Plaintiff in Kansas City, Wyandotte County, Kansas.

3

23.     This makes jurisdiction and venue proper in this Court.

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## (KANSAS WORKER COMPENSATION LAW)

24.     Defendants warehouse, sell, and deliver automotive parts throughout the United States.

25.     Plaintiff began working for Defendants in December 2020.

26.     Plaintiff worked as a Delivery Driver and was responsible for delivering automotive parts to customers in Kansas, Missouri, Illinois, and Iowa.

27.     As a delivery driver, Plaintiff was responsible for driving to various customer locations and unloading Defendants' truck upon arrival at each customer location.

28.     Plaintiff regularly worked 12-17 hour shifts on Tuesday and Wednesday; and 7-hour shifts on Fridays.

29.     On or about January 13, 2021, Plaintiff was unloading a pre-formed truck-bed liner from the back of Defendants' truck.

30.     Plaintiff was utilizing a packing strap that was wrapped around the liner to pull the liner out of Defendants' truck when the liner became lodged.

31.     As Plaintiff pulled on the packing strap, the strap broke and Plaintiff fell backwards.

32.     As Plaintiff was falling backward, he was able to rotate his body so that when he contacted the ground it was with his left knee and the palms of his outstretched hands.

33.     With the help of one of Defendants' customer's employees, Plaintiff completed the delivery.

34.    Plaintiff then called his supervisor, Andy Gustin, and described the incident.

35.    Gustin told Plaintiff that if he was in a lot of pain he should get checked out.

36.    Gustin asked Plaintiff if he would be able to finish his route that day, and Plaintiff said that he thought he could.

37.    Gustin texted Plaintiff to inform him that even if Plaintiff did not, immediately, seek treatment, Plaintiff would need to get checked out the following day at Concentra.

38.    After a couple more stops, Plaintiff's knee had begun to swell, and his hands and knee were throbbing.

39.    Plaintiff called Gustin at approximately 4:00 P.M.

40.    Plaintiff informed Gustin that he would not be able to complete all of his deliveries due to the pain.

41.    Gustin reiterated that Plaintiff ought to get evaluated by a doctor if he was in severe pain.

42.    Gustin then texted Plaintiff that he could go to the University of Kansas Medical Center Emergency Department ("KU") if he felt he needed to seek immediate treatment.

43.    Plaintiff told Gustin that he was going to seek treatment at KU.

44.    Gustin told Plaintiff that he needed workers' compensation paperwork but that it could be filed when Plaintiff came in the next day.

45.    Plaintiff was evaluated at KU where a rock was removed from Plaintiff's right-hand palm, he received a wrist brace for his right wrist, and a knee brace for his left knee.

46.     The following day, on or about January 14, 2021, Plaintiff received a call from Defendants' Human Resources Coordinator, Brooke Roath.

47.     Roath instructed Plaintiff to go to Concentra for an evaluation.

48.     Roath instructed Plaintiff to bring his paperwork from KU and Concentra to Defendants' facility after he was done at Concentra.

49.     Upon evaluation by the authorized treatment provider at Concentra, Plaintiff was provided restrictions which prevented him from driving a company vehicle.

50.     Plaintiff returned to Defendants' facility as he had been instructed and provided the medical paperwork to Roath.

51.     Upon providing his medical documentation, Plaintiff expressed to Roath his desire to continue working.

52.     Roath told Plaintiff that Gustin would be in contact with Plaintiff and would tell Plaintiff when to come back to work.

53.     Later that evening, Plaintiff received a text from Gustin who told Plaintiff to take his next scheduled shift, Friday, January 15, 2021, off, rest through the weekend, and return on Monday, January 18, 2021.

54.     Plaintiff did as instructed by Gustin and stayed home on Friday, January 15, 2021.

55.     Plaintiff rested, elevated, and iced his injured body parts through the weekend.

56.     On or about Monday, January 18, 2021, Plaintiff reported to work at Defendants' facility at 2:30 A.M., as instructed by Gustin.

57.     Gustin assigned Plaintiff light duty work which complied with Plaintiff's

restrictions.

58.     Plaintiff completed his light duty shift, without incident, sometime around 9:00 A.M.

59.     Plaintiff then went to Concentra for his follow up appointment at approximately 10:30 A.M.

60.     Plaintiff informed the authorized treatment provider that his left knee felt much better but was still experiencing some wrist pain.

61.     Plaintiff was released to full duty but told to continue to wear his wrist brace, as needed.

62.     On or about January 19, 2021, Plaintiff returned to his normal job duties of making deliveries on his route.

63.     Plaintiff worked his scheduled shifts for the rest of the week without incident.

64.     On or about January 25, 2021, Plaintiff had his final follow up appointment with Defendants' authorized treatment provider and was released at maximum medical improvement.

65.     On or about January 27, 2021, in the course and scope of employment, Plaintiff was unloading a large, truck brush guard with the help of an employee of Defendants' customer.

66.     As the two men were carrying the brush guard from the back of Defendants' truck to the customer's shop, a distance of approximately five feet, Plaintiff's foot slipped on snow located on the smooth concrete just inside of the customers warehouse area.

67.     Plaintiff dropped his side of the brush guard as he fell to the ground with his

left knee violently striking the pavement and bearing Plaintiff's entire weight.

68.     The employee helping Plaintiff stated, "oh man, you okay? I've slipped out here before, it gets really slick."

69.     Plaintiff told the employee that he was in a lot of pain and needed a few minutes to gather himself.

70.     Thinking the pain would dissipate, Plaintiff continued, working through the pain, and finished his shift.

71.     Plaintiff got home from work at approximately 9:15 P.M. that evening and took an over-the-counter, non-steroidal anti-inflammatory.

72.     At approximately 10:30 P.M., Plaintiff was in a lot of pain, went to bed, and attempted to fall asleep.

73.     Unable to fall asleep because of the pain, Plaintiff took an over-the-counter sleep aid and fell asleep.

74.     At approximately midnight, Plaintiff awoke in great pain.

75.     Plaintiff was unable to fall back asleep due to the pain in his left knee.

76.     At approximately 3:30 A.M. on January 28, 2021, Plaintiff called Gustin and reported his injury.

77.     Gustin informed Plaintiff that he would need to talk to Roath and, ultimately, go back to Concentra.

78.     Plaintiff was still unable to fall back to sleep because of the pain, and at approximately 8:30 A.M., Plaintiff called Roath.

79.     Plaintiff identified himself and began to explain the incident that caused the work-related injury from the day before.

80.     Roath cut Plaintiff off and said, "I talked to Andy, I'm getting ready to call Concentra to get you set up. You need to go in today by 3:00 P.M."

81.     Roath informed Plaintiff that if he went to Concentra after 3:00 P.M. he would have a difficult time getting in to see a doctor.

82.     Plaintiff confirmed that he would go to Concentra and thanked Roath.

83.     Plaintiff hung up the phone, remained in his reclining chair with his left leg elevated, and applied an ice pack.

84.     Exhausted from his sleepless night, Plaintiff dozed off and fell into a deep sleep.

85.     Plaintiff awoke at approximately 3:25 P.M.

86.     Realizing he had slept past the time provided by Roath, Plaintiff immediately texted Gustin to inform him about sleeping past 3:00 P.M.

87.     Plaintiff informed Gustin that he would go to the doctor first thing the following day, Friday, January 29, 2021.

88.     On or about January 29, 2021, Plaintiff drove to Defendants' facility, arriving at approximately 8:30 A.M.

89.     Upon pulling into the parking lot, Plaintiff called spoke to Roath.

90.     Plaintiff explained that he was having a difficult time walking and asked Roath if she would bring the workers' compensation paperwork to Plaintiff's vehicle so that Plaintiff could go to Concentra.

91.     At that point, Roath stated, simply, "you've been terminated."

92.     Plaintiff pleaded with Roath that he was a dedicated employee and did not want to lose his job.

93.     Roath replied, simply, "you're terminated" and ended the call.

94.     Because Roath did not provide Plaintiff with the workers' compensation paperwork, Plaintiff thought, due to his termination, that he was no longer entitled to treatment through Defendants' workers' compensation insurance and drove home.

95.     After being advised of his rights provided by Kansas Workers' Compensation law, Plaintiff requested treatment for his work-related injury and received authorized treatment on February 3, 2021.

96.     On or about February 3, 2021, Plaintiff filed two Applications for Benefits with the Kansas Department of Labor pursuant to Kansas Workers' Compensation law for his January 13 and January 27, 2021 work-related injuries.

97.     All actions or inactions of or by Defendants occurred by or through its agents, servants, or employees, acting within the course and scope of their employment, as set forth herein.

98.     Plaintiff exercised rights granted by the Kansas Worker's Compensation Act.

99.     Defendants took adverse employment actions against Plaintiff, including but not limited to discharging Plaintiff.

100.     Defendants' adverse employment actions taken against Plaintiff were based upon, and directly related to, Plaintiff exercising his rights for workers' compensation benefits as stated above.

101.     Defendants' adverse employment actions against Plaintiff violate State public policy clearly declared by the Courts and the Kansas Legislature.

102.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered irreparable injury, including past and future pecuniary losses, emotional pain,

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, reduced employment opportunities, and will continue to suffer the same unless and until this Court grants relief.

103.    Defendants acted toward Plaintiff with willful conduct, wanton conduct, or malice.

104.    Thus, an award of punitive and exemplary damages is appropriate.

WHEREFORE, the Plaintiff prays for judgment against the above-named Defendants—jointly and severally—in the amount of $350,000, for the costs of this action, and for such other and further consideration and relief as the Court may deem just and equitable.

Respectfully submitted,

 _/s/ Robert A. Bruce_
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, KS  66101
(913) 371-1930
(913) 371-0147  Facsimile
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**

ELECTRONICALLY FILED
2021 Aug 03 PM 1:58
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000107



**Court:**        Wyandotte County District Court

**Case Number:**  2021-CV-000107

**Case Title:**   Richard Tanner vs. Keystone Automotive Operations
Midwest Inc, et al.

**Type:**         Summons for Keystone Automotive Operations
Midwest, Inc.

SO ORDERED.

*Kristi l. Hill*

/s/ Clerk of District Court

Electronically signed on 2021-08-03 13:58:31    page 1 of 2

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

**RICHARD TANNER,**                          )
                                             )
         **Plaintiff,**                )
                                             )     **Case No.:  2021-CV-000107**
    **v.**                                  )     **Division No.:  2**
                                             )     **Chapter No.: 60**
**KEYSTONE AUTOMOTIVE**                       )
**OPERATIONS MIDWEST, INC., et al.**          )
                                             )
        **Defendants.**            )

To the above-named Defendant:

        **Keystone Automotive Operations Midwest, Inc.**
        **Office Manager**
        **90 Shawnee Ave**
        **Kansas City, Kansas 66105**

### SUMMONS

    You are hereby notified that an action has been commenced against you in this

Court.   You are required to file your Answer or Motion under K.S.A. 60-212, and

amendments thereto, to the Petition with the Court and to serve a copy upon:

        Daniel L. Doyle
        Robert A. Bruce
        DOYLE & ASSOCIATES LLC
        748 Ann Avenue
        Kansas City, Kansas  66101
        Telephone:  (913) 371-1930
        Facsimile:  (913) 371-0147
        d.doyle@ddoylelaw.com
        r.bruce@ddoylelaw.com
        ATTORNEYS FOR PLAINTIFF

Within 21 days after service of summons on you.

_____
Clerk of the District Court

**Documents to be served with Summons:**
First Amended Petition

1

ELECTRONICALLY FILED
2021 Aug 03 PM 1:58
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000107



**Court:**        Wyandotte County District Court

**Case Number:**  2021-CV-000107

**Case Title:**   Richard Tanner vs. Keystone Automotive Operations
                  Midwest Inc, et al.

**Type:**         Summons for Keystone Automotive Operations, Inc.


SO ORDERED.

/s/ Clerk of District Court


Electronically signed on 2021-08-03 13:58:31     page 1 of 2

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | |
|---|---|
| **RICHARD TANNER,**           ) | |
|           ) | |
|        **Plaintiff,**      ) | |
|           ) | **Case No.:  2021-CV-000107** |
|     **v.**            ) | **Division No.:  2** |
|           ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE**    ) | |
| **OPERATIONS MIDWEST, INC., et al.**   ) | |
|           ) | |
|        **Defendants.**      ) | |

To the above-named Defendant:

> **Keystone Automotive Operations, Inc.**
> **Office Manager**
> **90 Shawnee Ave**
> **Kansas City, Kansas 66105**

## <u>SUMMONS</u>

You are hereby notified that an action has been commenced against you in this

Court.   You are required to file your Answer or Motion under K.S.A. 60-212, and

amendments thereto, to the Petition with the Court and to serve a copy upon:

> Daniel L. Doyle
> Robert A. Bruce
> DOYLE & ASSOCIATES LLC
> 748 Ann Avenue
> Kansas City, Kansas  66101
> Telephone:  (913) 371-1930
> Facsimile:  (913) 371-0147
> d.doyle@ddoylelaw.com
> r.bruce@ddoylelaw.com
> ATTORNEYS FOR PLAINTIFF

Within 21 days after service of summons on you.

_____
Clerk of the District Court

**Documents to be served with Summons:**
First Amended Petition

1

ELECTRONICALLY FILED
2021 Aug 03 PM 1:58
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000107



**Court:**          Wyandotte County District Court

**Case Number:**    2021-CV-000107

**Case Title:**     Richard Tanner vs. Keystone Automotive Operations
                    Midwest Inc, et al.

**Type:**           Summons for Keystone Automotive Industries, Inc.

SO ORDERED.

*Kristi l. Hill*

/s/ Clerk of District Court

Electronically signed on 2021-08-03 13:58:11     page 1 of 2

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  2021-CV-000107** |
| **v.** | ) | **Division No.:  2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

To the above-named Defendant:

> **Keystone Automotive Industries, Inc.**
> **Office Manager**
> **90 Shawnee Ave**
> **Kansas City, Kansas 66105**

### SUMMONS

You are hereby notified that an action has been commenced against you in this Court.  You are required to file your Answer or Motion under K.S.A. 60-212, and amendments thereto, to the Petition with the Court and to serve a copy upon:

> Daniel L. Doyle
> Robert A. Bruce
> DOYLE & ASSOCIATES LLC
> 748 Ann Avenue
> Kansas City, Kansas  66101
> Telephone:  (913) 371-1930
> Facsimile:  (913) 371-0147
> d.doyle@ddoylelaw.com
> r.bruce@ddoylelaw.com
> ATTORNEYS FOR PLAINTIFF

Within 21 days after service of summons on you.

_____
Clerk of the District Court

**Documents to be served with Summons:**
First Amended Petition

1

ELECTRONICALLY FILED
2021 Aug 03 PM 1:58
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000107



**Court:**          Wyandotte County District Court

**Case Number:**    2021-CV-000107

**Case Title:**     Richard Tanner vs. Keystone Automotive Operations
                    Midwest Inc, et al.

**Type:**           Summons for LKQ Corporation


SO ORDERED.

/s/ Clerk of District Court

Electronically signed on 2021-08-03 13:58:31     page 1 of 2

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  2021-CV-000107** |
| **v.** | ) | **Division No.:  2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

To the above-named Defendant:

> **LKQ Corporation**
> **Office Manager**
> **90 Shawnee Ave**
> **Kansas City, Kansas 66105**

## SUMMONS

You are hereby notified that an action has been commenced against you in this

Court.  You are required to file your Answer or Motion under K.S.A. 60-212, and

amendments thereto, to the Petition with the Court and to serve a copy upon:

> Daniel L. Doyle
> Robert A. Bruce
> DOYLE & ASSOCIATES LLC
> 748 Ann Avenue
> Kansas City, Kansas  66101
> Telephone:  (913) 371-1930
> Facsimile:  (913) 371-0147
> d.doyle@ddoylelaw.com
> r.bruce@ddoylelaw.com
> ATTORNEYS FOR PLAINTIFF

Within 21 days after service of summons on you.

_____
Clerk of the District Court

**Documents to be served with Summons:**
First Amended Petition

1

ELECTRONICALLY FILED
2021 Aug 23 PM 1:18
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000107

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  2021-CV-000107** |
| **v.** | ) | **Division No.:  2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC., et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### AFFIDAVIT OF SERVICE

I hereby state that the Summons was provided to Defendant on August 9, 2021 by sending such summons to the Office Manager for Keystone Automotive Operations Midwest, Inc. at 90 Shawnee Ave, Kansas City, Kansas 66105 via Certified Mail, Return Receipt delivery.

A copy of the Certified Mail Receipt is attached to this filing.



Bronwen Hicks
748 Ann Ave, Kansas City, KS 66101

| | | |
|---|---|---|
| STATE OF KANSAS | ) | |
| | ) | ss: |
| COUNTY OF WYANDOTTE | ) | |

On this 23rd day of August, 2021, the above person known to me executed this document.

NOTARY PUBLIC - State of Kansas
DANIEL L. DOYLE
My Appt. Expires 10/20/2024

NOTARY PUBLIC

Respectfully submitted,

_/s/ Robert A. Bruce_
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, Kansas  66101
Telephone:  (913) 371-1930
Facsimile:  (913) 371-0147
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**

**USPS TRACKING #**

9590 9402 6005 0069 4983 17

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Daniel L. Doyle
Doyle & Associates LLC
748 Ann Avenue
Kansas City, KS   66101

Richard T:

08/20

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Keystone Automotive Operations
   Midwest, Inc.
Office Manager
90 Shawnee Avenue
Kansas City, KS   66105

9590 9402 6005 0069 4983 17

2. Article Number (Transfer from service label)

7013 0600 0002 0493 6805

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X    LH STS          ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

ELECTRONICALLY FILED
2021 Aug 23 PM 1:18
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000107

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

RICHARD TANNER,             )
             )
      Plaintiff,       )
             )      **Case No.:  2021-CV-000107**
v.             )      **Division No.:  2**
             )      **Chapter No.: 60**
KEYSTONE AUTOMOTIVE     )
OPERATIONS MIDWEST, INC., et al.  )
             )
      Defendant.     )

## AFFIDAVIT OF SERVICE

I hereby state that the Summons was provided to Defendant on August 6, 2021 by sending such summons to the Office Manager for Keystone Automotive Industries, Inc. at 90 Shawnee Ave, Kansas City, Kansas 66105 via Certified Mail, Return Receipt delivery.

A copy of the Certified Mail Receipt is attached to this filing.



Bronwen Hicks
748 Ann Ave, Kansas City, KS 66101

STATE OF KANSAS        )
                  )   ss:
COUNTY OF WYANDOTTE  )

On this 23rd day of August, 2021, the above person known to me executed this document.

_____
NOTARY PUBLIC

NOTARY PUBLIC - State of Kansas
DANIEL L. DOYLE
My Appt. Expires 10/20/2024

Respectfully submitted,

_/s/ Robert A. Bruce_
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, Kansas  66101
Telephone:  (913) 371-1930
Facsimile:  (913) 371-0147
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**

**USPS TRACKING #**



9590 9402 6005 0069 4983 00

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Daniel L. Doyle
Doyle & Associates LLC
748 Ann Avenue
Kansas City, KS  66101

Richard Tanner:   Cert. Mail of Amended Petition and Summons on
Office Manager of Keystone Automotive Industries
Inc.

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Keystone Automotive Industries,
Office Manager                         Inc.
90 Shawnee Avenue
Kansas City, KS   66105

9590 9402 6005 0069 4983 00

2. Article Number (Transfer from service label)
7013 0600 0002 0493 6799

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Kala Tudan                    ☐ Agent
                                ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
Kala Tudan                          8/6/21

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

ELECTRONICALLY FILED
2021 Aug 23 PM 1:18
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000107

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 2021-CV-000107** |
| **v.** | ) | **Division No.: 2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC., et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT OF SERVICE

I hereby state that the Summons was provided to Defendant on August 4, 2021 by sending such summons to the Office Manager for Keystone Automotive Operations, Inc. at 90 Shawnee Ave, Kansas City, Kansas 66105 via Certified Mail, Return Receipt delivery.

A copy of the Certified Mail Receipt is attached to this filing.

*Bronwen Hicks*
Bronwen Hicks
748 Ann Ave, Kansas City, KS 66101

| | |
|---|---|
| STATE OF KANSAS | ) |
| | ) ss: |
| COUNTY OF WYANDOTTE | ) |

On this 23rd day of August, 2021, the above person known to me executed this document.

NOTARY PUBLIC


NOTARY PUBLIC - State of Kansas
DANIEL L. DOYLE
My Appt. Expires 10/20/2024

Respectfully submitted,

_/s/ Robert A. Bruce_
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone: (913) 371-1930
Facsimile: (913) 371-0147
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**

USPS TRACKING #

9590 9402 6005 0069 4983 31

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Daniel L. Doyle
Doyle & Associates LLC
748 Ann Avenue
Kansas City, KS   66101

Richard Tanner:   Cert. Mail of Amended Petition & Summons to

Keystone Automotive Operations, Inc.

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Keystone Automotive Operations, Inc.
Office Manager
90 Shawnee Avenue
Kansas City, KS   66105

9590 9402 6005 0069 4983 31

2. Article Number (Transfer from service label)

7013 0600 0002 0493 6782

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Kala P Lut                      ☐ Agent
                                   ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

Kala Tudon   8|4|21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

ELECTRONICALLY FILED
2021 Aug 23 PM 1:18
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000107

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **RICHARD TANNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  2021-CV-000107** |
| **v.** | ) | **Division No.:  2** |
| | ) | **Chapter No.: 60** |
| **KEYSTONE AUTOMOTIVE** | ) | |
| **OPERATIONS MIDWEST, INC., et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### AFFIDAVIT OF SERVICE

I hereby state that the Summons was provided to Defendant on August 9, 2021 by sending such summons to the Office Manager for LKQ Corporation at 90 Shawnee Ave, Kansas City, Kansas 66105 via Certified Mail, Return Receipt delivery.

A copy of the Certified Mail Receipt is attached to this filing.

Bronwen Hicks
748 Ann Ave, Kansas City, KS 66101

| | |
|---|---|
| STATE OF KANSAS | ) |
| | )   ss: |
| COUNTY OF WYANDOTTE | ) |

On this 23rd day of August, 2021, the above person known to me executed this document.

NOTARY PUBLIC

NOTARY PUBLIC - State of Kansas
DANIEL L. DOYLE
My Appt. Expires 10/20/202[

Respectfully submitted,

 /s/ Robert A. Bruce
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, Kansas  66101
Telephone:  (913) 371-1930
Facsimile:  (913) 371-0147
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**

USPS TRACKING #

9590 9402 6005 0069 4983 24

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

DanielL. Doyle
Doyle & Associates LLC
748 Ann Avenue
Kansas City, KS  66101

Richard

08/20

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _LH 571_   ☐ Agent   ☐ Addressee |
| | B. Received by (*Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br>LKQ Corporation<br>Office Manager<br>90 Shawnee Avenue<br>Kansas City, KS  66105 | D. Is delivery address different from Item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 9590 9402 6005 0069 4983 24 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (*Transfer from service label*)<br>7013 0600 0002 0493 6812 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |